## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 3:16-CR-00060-M |
| | § | |
| WALTER NEIL SIMMONS  (3) | § | |
| WILLIAM F. ELDER-QUINTANA (4) | § | |

### DEFENDANTS WALTER SIMMONS' AND WILLIAM ELDER'S
### JOINT MOTION IN LIMINE

Come now Defendants Walter Neil Simmons and William F. Elder-Quintana, by and through their undersigned attorneys, and move this Court to order that the Government not introduce into evidence, without first seeking permission of the Court outside the hearing of the jury, any reference to MMR21, and as grounds for this motion would show the following:

### I.

The government filed its notice of intent to use evidence pursuant to Rule 404(b) of the Federal Rules of Evidence (ECF Doc. No. 747-1), stating that it intends to present evidence that defendants Simmons and Elder were involved in a "similar fraud scheme" during the time period of the charged conspiracy. *Id.* at 9.  The government alleges that this "scheme" involved the marketing company known as MMR21, and operated "in sum and substance similar to the charged CMGRX kickback scheme." *Id.*  The government did not specify what evidence it intends to introduce in support of this allegation.

### II.

At the pretrial hearing held on October 8th, the Court instructed the attorney for the government to clarify to defense counsel what evidence it intended to introduce

pursuant to this notice.  After the hearing, counsel conferred on this topic.  Counsel for the United States indicated that the government had just a handful of emails regarding MMR21 (which are among the government's proposed exhibits).  These emails indicate, at most, that in connection with MMR21, Drs. Simmons and Elder were engaging in telemedicine and prescribing medications similar to those prescribed in this case.  However, the government's evidence does not include any information about claims made or claims paid, nor any information about any financial agreements between the pharmacy[1] and any marketing company or physician.  Without this information, there can be no presumption of misconduct, much less fraud.  In fact, it is not clear how the government asserts that it is a "similar scheme" without any evidence regarding financial payments.

III.

The introduction of any evidence regarding MMR21 would be very likely to confuse the jury.  Additionally, there is so little information the government appears to want to introduce that there would not be a basis for alleging a similar course of conduct.  Drs. Simmons and Elder are not able to defend the allegations the government is making with respect to MMR21 because no discovery has been made available to them on that subject, other than a handful of emails.  Finally, any mention of MMR21 would necessitate an explanation of MMR21, which would extend this already lengthy trial and require additional exhibits and witnesses.

---

[1] The government's notice references an unnamed pharmacy that is not charged in this case.  To counsels' knowledge, there are no charges filed anywhere against anyone connected with MMR21.

2

IV.

The dearth of information regarding MMR21 prevents this subject from qualifying as valid Rule 404(b) evidence, and instead would invite the jury to speculate about the activity related to MMR21.  Further, under Rule 403 of the Federal Rules of Evidence, the prejudicial effect of evidence regarding this topic, the likelihood of confusion, the addition burden on the defense and the resultant delay vastly outweigh the probative value, if any, of this evidence.

WHEREFORE, it is respectfully requested that the Court grant this motion in limine and prohibit the government from introducing any evidence regarding MMR21.

Respectfully submitted,

/s/*Shirley Baccus-Lobel*
Shirley Baccus-Lobel
Law Office of Shirley Baccus-Lobel
8350 Meadow Road, Suite 186
Dallas, Texas 75231
214.220.8460

*/s/Cheryl B. Wattley*
Cheryl B. Wattley
Law Office of Cheryl Brown Wattley
302 Windy Lane
Cedar Hill, Texas 75104
214.882.0855

*Counsel for Dr. Walter Neil Simmons*

*/s/ Mary Stillinger*
Mary Stillinger
Stillinger & Godinez, PLLC
401 Boston Avenue
El Paso, Texas  79902
(915) 775-0705
E-mail: stillingerlaw@sbcglobal.net

3

*/s/ Katherine M. Godinez*
Katherine M. Godinez
Stillinger & Godinez, PLLC
401 Boston Avenue
El Paso, Texas  79902
(915) 775-0705
E-mail: stillingerlaw@sbcglobal.net

Counsel for Dr. William F. Elder-Quintana

CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2019, I caused a true and correct copy of the

foregoing Motion in Limine to be served upon all counsel of record by filing same via this

Court's ECF system.

By: s/ Mary Stillinger

4